UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 97-cv-01390-BLOOM

LEMUEL L. COLE,

    Petitioner,

v.

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS and ATTORNEY
GENERAL,

    Respondents.
_____/

## ORDER ON EMERGENCY MOTION FOR JUDGMENT AND/OR POST-JUDGMENT RELIEF

**THIS CAUSE** is before the Court upon Petitioner Lemuel L. Cole's ("Petitioner") Emergency Motion for Judgment and/or Post-Judgment Relief, ECF No. [51] ("Motion"), filed on March 29, 2022. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On April 29, 1997, Petitioner filed a petition for writ of habeas corpus, raising fifteen (15) claims. ECF No. [1] ("Petition"). On November 22, 1999, the Magistrate Judge entered her Report and Recommendations, ECF No. [35] ("R&R"), recommending that the Petition be denied on the merits as to four of his asserted claims (claims one, two, eleven and twelve), and dismissed as a delayed petition regarding the remaining claims.[1] The R&R noted that over twelve (12) years had

---

[1] As set forth in the R&R, Petitioner asserted the following claims:
1. The trial court lacked jurisdiction over him and/or the subject matter because the information and amended information were not signed by qualified assistant attorneys general.
2. He received ineffective assistance of counsel prior to trial, because his lawyer did not file a motion challenging the sufficiency of the information.
3. The trial court erred in restricting cross-examination of a critical state witness during the suppression hearing.

elapsed between the conclusion of Petitioner's direct appeal and the filing of the Petition. *See* ECF No. [35] at 15. Following consideration of the R&R, On January 27, 2000, the Court entered final judgment, denying the Petition as to the four claims set forth in the R&R, and dismissing the remaining claims pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. *See* ECF No. [39]. Thereafter, Petitioner requested a certificate of appealability, which the Court denied, ECF No. [47]. Petitioner's request to the United States Court of Appeals for the Eleventh Circuit for a certificate of appealability was also denied. ECF No. [49]. The United States Supreme Court denied Petitioner's petition for writ of certiorari on December 4, 2000. *Cole v. Moore*, 531 U.S. 1040 (2000).

In the Motion, filed nearly twenty-two (22) years after the conclusion of his appeals, Petitioner argues that the Magistrate Judge omitted from consideration several additional claims raised in his Petition, *see* ECF No. [51] at 11-12, provides additional arguments in support of the Petition, and points out numerous errors in the adjudication of his Petition. As a result, he contends

---

4. The trial court abused its discretion in failing to sever Count IV of the information.
5. The voir dire was rendered defective through ineffective assistance of counsel, who failed to honor Cole's request that the foreman be stricken for "negative demeanor from the quality and extent of his stares."
6. The trial court erred in admitting recently stolen property only to prove that the robbery took place.
7. The trial court erred in admitting fingerprints lifted from the stolen property and the care used in the robbery without proof that they were left at the time of the robbery.
8. The court undermined the adjudication process with misleading, conflicting, confusing, improper and/or erroneous jury instructions.
9. The trial court wrongfully denied the petitioner classification under Florida's Youthful Offender Act.
10. The prohibition against double jeopardy was violated when he received multiple punishments for the same mens rea.
11. He is being held illegally under an improperly factored sentence.
12. His two consecutive sentences for armed burglary and armed robbery are illegal, unenforceable and void.
13. He received ineffective assistance of counsel throughout the pretrial, trial, and posttrial proceedings.
14. The appellate process was structurally defective due to hostile and ineffective assistance of counsel.
15. The appellate record was facially insufficient to determine that the trial commenced in accordance with the law, because there is no record indication that the jury was sworn in prior to voir dire.

that he has been denied due process, and that his right to equal protection has been violated, "warranting the adjudication of the unadjudicated claims and the reopening of this Court's final judgment dismissing the rest of his claims, in an unbiased process." *Id*. at 20. The Petitioner seeks relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (2), (6). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Here, the circumstances are not sufficiently extraordinary to warrant relief under Rule 60(b)(6). Petitioner has provided no explanation for why he waited over twenty years to seek review of the errors he now contends occurred throughout the adjudication of his Petition.

Indeed, upon review, the Motion is a request for reconsideration. A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party

may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003).

Here, Petitioner fails to set forth any grounds warranting reconsideration.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [51]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record